NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN JAMES RED, | No. 16-55934 |
| Petitioner-Appellant, | D.C. No. 5:15-cv-02028-BRO-KS |
| v. | |
| RON RACKLEY, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Submitted March 7, 2018**
Pasadena, California

Before: GOULD and MURGUIA, Circuit Judges, and CHRISTENSEN,*** Chief District Judge.

Petitioner-Appellant Steven James Red appeals the district court's decision

denying his petition for a writ of habeas corpus. We have jurisdiction pursuant to

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*** The Honorable Dana L. Christensen, Chief United States District Judge for the District of Montana, sitting by designation.

28 U.S.C. §§ 1291, 2253. Reviewing *de novo*, we affirm. *See Sanders v. Ratelle*, 21 F.3d 1446, 1451 (9th Cir. 1994).

In his certified claim, Red asserts that the prosecutor's comments during closing argument constituted prosecutorial misconduct and violated his due process right to a fair trial. When a petitioner claims that a prosecutor's comments during closing argument amounted to prosecutorial misconduct, it "is not enough that the prosecutors' remarks were undesirable or even universally condemned." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citation and quotation marks omitted). The question for the reviewing court is whether the comments "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id.* (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

Several factors are relevant to determining whether the prosecutor's comments rendered the trial fundamentally unfair. *Darden*, 477 U.S. at 181–82. These factors included whether the prosecutor manipulated or misstated evidence, whether the statements implicated the accused's rights (such as the right to remain silent or to have an attorney), whether the judge gave any curative instructions, and the overall weight of the evidence against the accused. *Id.*

Here, although the prosecutor's closing argument included passionate and arguably less than desirable statements, the prosecutor did not misstate the evidence or implicate Red's constitutional right to remain silent or to have an

2

attorney. Additionally, the trial judge instructed the jury that the attorneys' statements were not evidence. Finally, the great weight of the eyewitness, physical, and forensic evidence supported Red's conviction. In sum, the prosecutor's statements did not "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process," and Red is not entitled to relief on this ground. *See id.*

Red raises two other claims in his petition for which he has not received a certificate of appealability. Until a petitioner secures a certificate of appealability from a circuit justice or judge, the "Court of Appeals may not rule on the merits of [the] case." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). At the certificate of appealability stage, the court of appeals should limit its examination to a "threshold inquiry into the underlying merit[s] of [the] claims," asking "only if the District Court's decision was debatable." *Id.* at 774 (second alteration in original) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327, 348 (2003)).

In his first uncertified claim, Red asserts the California Court of Appeals unreasonably applied the Supreme Court case *Montana v. Egelhoff*, 518 U.S. 37 (1996) when it upheld Cal. Penal Code § 29.4 as constitutional. Section 29.4 prohibits a jury in California from considering evidence of voluntary intoxication to "negate the capacity to form any mental states for the crimes charged, including, but not limited to, purpose, intent, knowledge, premeditation, deliberation, or

3

malice aforethought." Cal. Penal Code § 29.4(a). Section 29.4 admits evidence of voluntary intoxication only on the issue of "whether or not the defendant actually formed a required specific intent." Cal. Penal Code §29.4(b). In a fractured opinion, the Supreme Court upheld a similar Montana statute as constitutional. *See Egelhoff*, 518 U.S. at 39–40, 43, 56. In her deciding concurrence, Justice Ginsburg distinguished between a rule designed to keep out "relevant, exculpatory evidence" and a rule redefining the "mental-state element of the offense." *Id.* at 56–60. According to Justice Ginsburg, a rule designed to keep out "relevant, exculpatory evidence," offends due process. *Id.* at 57. If, however, the law merely redefines the mental-state element of the offense, the "state legislature certainly has the authority to identify the elements of the offenses it wishes to punish" and may exclude evidence irrelevant to the crime it has defined without offending due process. *Id.*

Contrary to Red's argument on appeal, Cal. Penal Code § 29.4 "is not merely an evidentiary prescription," but rather "embodies a legislative judgment regarding the circumstances under which individuals may be held criminally responsible for their actions." *See People v. Timms*, 151 Cal. App. 4th 1292, 1300 (Cal. Ct. App. 2007) (holding that the California legislature had a rational basis for not allowing voluntary intoxication to serve as a defense in an implied malice case) (citing *Egelhoff*, 518 U.S. at 57). Therefore, reasonable jurists would not debate the district court's decision to deny Red's claim, and we decline to issue a certificate

of appealability on this claim. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right").

In his second uncertified claim, Red asserts that the California Court of Appeals erred when it determined that Red's counsel was constitutionally effective in spite of failing to move to suppress evidence from an unconstitutional blood draw. Red acknowledges that the trial court would not have granted a motion to suppress because of controlling state law. "[F]ailure to take a futile action can never be deficient performance." *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996). However, Red asserts that counsel should have filed the motion to preserve the issue for review. Indeed, one year after Red was sentenced, the Supreme Court decided *Missouri v. McNeely*. *See* 569 U.S. 141, 145 (2013) (holding that metabolization of alcohol does not qualify as *per se* exigency justifying a warrantless blood draw in violation of the Fourth Amendment). However, since *McNeely*, California Courts have declined to apply *McNeely* to exclude evidence retroactively. *See People v. Jones*, 231 Cal. App. 4th 1257, 1264–65 (Cal. App. 2014). So, Red's trial counsel's failure to preserve the objection did not prejudice Red. Therefore, we decline to issue a certificate of appealability on this claim. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (to succeed on an ineffective

assistance of counsel claim, defendant first must show that counsel's performance was deficient and second that the deficient performance prejudiced the defense).

**AFFIRMED.**